## ANGELO v. STEDMAN CO.
### No. 2671.

Court of Civil Appeals of Texas. Beaumont.
Jan. 2, 1935.

F. S. Jones, of Beaumont, for appellant.

Calhoun & Marcus, of Beaumont, for appellee.

WALKER, Chief Justice.

On the 14th day of September, 1931, E. W. Angelo executed to appellee, the Stedman Company, a sales contract whereby he purchased from appellee one Buick coupé and one Reo truck for $1,105.02, of which $105.02 was paid in cash and the balance in twenty monthly installments of $50 each; the first installment maturing one month after date, and the remaining installments one on the first of each succeeding month, with interest at 8 per cent. per annum from date and attorney's fees at 15 per cent. By its terms the contract constituted a chattel mortgage upon the coupé and truck and contained conditions upon which appellee had the right to accelerate the maturity of the payments and also to repossess the property. The following condition was also a part of the contract: "Purchaser ·shall keep said property insured against loss of fire or theft, to properly protect all interests therein and on failure to do so, seller may procure said insurance. Purchaser agrees to pay premiums on demand and that upon failure to do so payment of same shall be secured by this contract. The proceeds of any insurance, whether paid by

reason of loss, injury, return premium or otherwise, shall be applied towards the replacement of the property or payment of this obligation at option of seller."

Appellee filed suit upon this contract against E. W. Angelo and his wife and also against W. Angelo, alleging that E. W. Angelo had paid the first two installments and that the other installments had been declared due; also the conditions of the contract, the amount of the claim, with interest at 8 per cent. and 15 per cent. attorney's fees, the chattel mortgage against the coupé and truck, the destruction of the coupé by fire, and further that the truck had a value of only $50. Appellee thus pleaded his cause of action against W. Angelo: "That contemporaneously with the execution and delivery of said contract by defendants, E. W. Angelo and wife, Agnes Angelo, the defendant, W. Angelo, who is also known as Wolford Angelo, personally endorsed said contract and guaranteed the payment thereof, and thereby promised to pay the amount thereof upon default in payment thereof by defendants, E. W. Angelo and wife, Agnes Angelo." The prayer was for judgment against E. W. Angelo and wife for $900, with interest, attorney's fees, and costs of suit, with foreclosure of the chattel mortgage lien against the Reo truck and "that after applying the proceeds of such sale to the satisfaction of such judgment, it have judgment against defendant, W. Angelo, for the amount remaining unpaid, together with all other relief to which it may be entitled, in law or in equity." Among other defenses W. Angelo specially pleaded the condition of the sales contract requiring E. W. Angelo to keep the coupé and truck insured for the benefit of appellee, the destruction of the coupé by fire, and that at the time it burned the coupé was insured in the Ætna Insurance Company for the sum of $1,342.00, and further as follows: "That at the time said car was destroyed, as aforesaid, and before the defendant E. W. Angelo had collected said insurance on said automobile, the defendant W. Angelo, informed the plaintiff's agent, a one Mr. Fulbright, that said automobile had been destroyed by fire, and asked plaintiff to protect itself and take the necessary steps to collect its debt out of said insurance money, which it was legally bound to do before attempting to collect from W. Angelo, but instead of so doing, plaintiff failed and neglected so to do, to defendant, W. Angelo's injury, and by reason of the neglect on the part of plaintiff to collect said insurance, as aforesaid, the contract of guaranty was altered by plaintiff, and the defendant W. Angelo, was thereby

released and plaintiff should not now be entitled to recover against W. Angelo, all of which defendant W. Angelo stands ready to verify."

The trial court sustained the following demurrer against W. Angelo's answer: "Plaintiff excepts to the allegations contained in paragraph IV of the First Amended Original Answer of defendant, W. Angelo, because such allegations as are therein set forth constitute an attempt to vary the terms of a written instrument executed by said defendant, and such allegations, even if admitted to be true, could not constitute a defense to this action, and such allegations should therefore be stricken from the pleadings." Thereupon the trial of the case to the court, without a jury, proceeded to judgment, granting appellee the relief prayed for against all the defendants. In its judgment the following finding was made by the court in the judgment against W. Angelo: "The court further finds that the defendant W. Angelo, also known as Wolford Angelo, executed an unconditional written guaranty of the payment of such contract by defendants, E. W. Angelo and wife Agnes Angelo, and that he is therefore liable to the plaintiff for said amount of $1,121.86." The appeal is prosecuted only by W. Angelo, and the record is before us without a statement of facts. We have taken the statement of the nature and contents of the sales contract from appellant's answer, against which the trial court sustained the demurrer. The nature and contents of the guaranty contract signed by appellant is not shown by the record except as it was pleaded by appellee and the recitations of the trial court's judgment, both copied above.

Opinion.

■ As appellant made the sales contract a part of his answer, against which the trial court sustained the demurrer, it must be presumed that the contract thus pleaded was the contract in issue.

■ Appellee advances the following counter proposition in support of its judgment: "The appellant herein was an unconditional guarantor of the note sued upon and as such his liability was absolute upon default in payment by the principal obligors; the appellee as holder of the note was under no duty or obligation to use any degree of diligence in making collection from the principal obligor but was entitled to look to appellant for payment upon default in payment of the note; hence it was immaterial whether appellee took any steps to protect itself or to collect the note from another source, as it had the

right to look solely to appellant for payment thereof. Therefore, the question of appellee's neglect in collecting the note out of certain insurance money would not have relieved appellant and the plea stated no defense and the exception thereto was properly sustained." The proposition of law contended for by appellee is thus stated by 12 R. C. L., title Guaranty, § 42: "On an absolute guaranty the guarantor is unconditionally bound to satisfy the obligation at its maturity. There is no obligation on the part of the creditor to proceed against the principal debtor, and if the latter fails to pay, an action may generally be maintained against the guarantor, without a demand or legal proceedings against the principal. Nor is a creditor, before proceeding against the guarantor, under any legal obligation to resort to securities given by the principal debtor." But the "absolute guaranty" thus defined is not the contract pleaded by appellee. The sales contract constituting the basis of appellee's cause of action against the principal obligor was a contract payable in twenty monthly installments, secured by a chattel mortgage against a Buick coupé and a Reo truck, and obligating the principal obligor to keep the coupé and truck insured against fire for the benefit of appellee, and giving appellee the right and imposing upon it the duty to enforce this obligation against the principal obligor. The contract of guaranty was simply that appellant, quoting from appellee's petition, "personally endorsed said contract and guaranteed the payment thereof." It was not the theory of appellee's petition that, upon the default of the principal obligor, appellee was absolutely liable to it for the amount of the debt, independent of the liability of the principal obligor and the security evidenced by the chattel mortgage, but that appellant was liable only for that portion of the debt remaining unpaid after the security was sold and its value applied to the debt. In other words, it was appellee's theory that appellant was guarantor of an obligation secured by a chattel mortgage held by appellee and that his guaranty was secondary to the security. In section 33 of the title Guaranty, by R. C. L., it is said: "The liability of a guarantor is strictly confined within the bounds of his contract." Since, for the protection of appellant,

appellee held security for the payment of its debt, it could not, without appellant's consent, release the security without releasing him from the obligations of his guaranty. This proposition is stated as follows by section 38 of the article on Guaranty, cited above: "If the creditor releases other security which he has for the same obligation, a guarantor is generally discharged, at least pro tanto. If the guarantor is compelled to pay the debt, he would, as a general rule, become subrogated to the rights of the creditor to such collateral security, and the act of the creditor in depriving him of such right of subrogation discharges him, at least to the extent of the value of the collateral." The facts pleaded by appellant constituted a release by appellee of its claim to the insurance on the Buick coupé, which exceeded the amount of its debt. It follows that appellant pleaded a good defense to appellee's cause of action against him on his guaranty and that the court erred in sustaining the demurrer.

The following proposition from section 38 of the article on Guaranty, supra, does not sustain the judgment: "But where the creditor does not actively discharge the collateral, but it depreciates in value, the liability of the guarantor is not affected if there was no negligence by the creditor and the delay in realizing on the collateral was not unreasonable, and no request was made by the guarantor for realization on the collateral." This follows because, on the facts pleaded by appellant, appellee was guilty of negligence in not collecting the fire insurance on the Buick coupé, after he had given the notice and made the demand pleaded by his answer.

Also, appellee seeks to protect its judgment by the conclusion copied above from the judgment of the trial court that appellant "executed an unconditional written guaranty of the payment of such contract." This conclusion must be construed in the light of appellee's petition, that is, an unconditional written guaranty to pay only that portion of the debt unpaid after the security was exhausted; that was the guaranty contract pleaded by appellee, and for the court to find a contract not pleaded would constitute fundamental error.

The judgment of the trial court is reversed, and the cause remanded for a new trial.